Catherine McMULLIN, Appellant,

v.

T. Scott McRAVEN, D.M.D., P.C., Respondent.

No. 65601.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 6, 1994.

Raymond Howard, Howard Law Firm, St. Louis, for appellant.

Don Wintemeyer, St. Louis, for respondent.

KAROHL, Judge.

Catherine McMullin (employee) filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Missouri Human Rights Act, § 213.010, et seq. RSMo 1986. She alleged she was unlawfully terminated from her employment due to her pregnancy. T. Scott McRaven, D.M.D., P.C., d/b/a The Dental Place (employer) denied her claim. It answered it terminated her employment because of her insubordination and her failure to finish work from the previous work day. We affirm.

Employer is a professional corporation. It does business as The Dental Place, maintaining offices in the City of St. Louis, Missouri. Employee worked at The Dental Place as a receptionist from January 7, 1987, to November 22, 1988. T. Scott McRaven (McRaven) was a practicing dentist. He is the president of the corporation.

On November 21, 1988, employee telephoned the office manager at The Dental Place to say she was unable to work because she was ill. The trial court found employee also made statements to the effect she could not get "motivated" to work that day. Employee was seven months pregnant at the time. Employee's absence on November 21, 1988 was her first in her two year employment.

The next day when she returned to work, McRaven and the office manager arranged a meeting with employee to discuss her job performance. McRaven testified the purpose of the meeting was to discuss employee's poor job performance and to try to "get her job performance back in the right order." Employee refused to discuss the problem with McRaven. McRaven discharged her that day.

After the meeting, employee turned in her key and filled out an exit interview, which

was the normal business procedure whenever an employee terminated employment. On the exit interview, employee indicated the reason for termination was she "called in sick once in two years."

On December 12, 1988, McRaven conducted a meeting to discuss employee's employment. McRaven, the office manager, another receptionist, and employee and her husband attended the meeting. McRaven offered to rehire her on a 90–day probationary basis, but, employee declined the offer.

Subsequently, employee filed a charge of employment discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights. On November 13, 1990, these agencies investigated the matter and authorized employee to commence an action against employer. On February 11, 1991, employee filed a petition against employer for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Missouri Human Rights Act, § 213.-010, et seq. RSMo 1986. The trial court concluded employee's termination was due to her failure to discuss her lack of motivation and her insubordination toward employer.

■ In reviewing a bench tried case, we will sustain the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Employee complains of employer discrimination because she took one day off due to her pregnancy. She contends the trial court erred in finding for employer because its proffered reasons for terminating employee—primarily poor job performance and insubordination—were pretextual.

Under Title VII, a claimant carries the initial burden of proving a prima facie case of sex discrimination, such factors are set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Likewise, the Missouri Supreme Court has held that disparate treatment claims of discrimination brought under § 213.055 RSMo 1986 should also be evaluat-ed under the methodology set forth in *McDonnell Douglas*. See *Midstate Oil v. Missouri Comm'n on Human Rights*, 679 S.W.2d 842, 845 (Mo. banc 1984). The general factors essential to proving a prima facie case under *McDonnell Douglas* are the following:

1. The claimant belongs to a protected class.
2. The claimant was demonstrably capable of performing the duties of her position and was adequately performing.
3. The claimant, despite her qualifications, was discharged.
4. After the claimant was terminated, defendant employer continued to seek applicants for the same position with equal qualifications. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

Once an employee proves a prima facie case by the preponderance of the evidence, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its conduct. *Midstate Oil v. Missouri Comm'n on Human Rights*, 679 S.W.2d 842, 845 (Mo. banc 1984). If the employer carries this burden, employee then must prove by the preponderance of the evidence that defendant's articulated reasons are merely pretextual. *Id.*

■ We find employee established a prima facie case of unlawful pregnancy discrimination. Her testimony, if believed, was sufficient to support her claim. On November 22, 1988, McRaven fired employee without notice. He also did not place employee on probation before he terminated her as he did with other employees. The evidence reveals two other employees, neither of whom was pregnant, were afforded counselling or warnings in addition to a two-week probation before being terminated. During the December 12, 1988 meeting, McRaven offered to rehire employee on a 90–day probationary basis.

■ Since employee proved a prima facie case, the burden shifted to employer to articulate legitimate, nondiscriminatory reason[s] for its conduct. An employee's unsatisfactory work performance consisting of fail-

ing to carry out assignments, a general lack of cooperation, a display of boredom and disinterest constitutes a legitimate business reason to terminate an employee. *See Reed v. Famous Barr Division,* 518 F.Supp. 538, 541–42 (1981). An employee may be discharged due to insubordination. *Flood v. Blest Co.,* 622 F.Supp. 1062, 1065 (D.C.Mo. 1985).

McRaven testified he did not terminate employee because she called in sick once in two years as indicated by the exit interview. He testified he fired her because "she had left work incomplete on Saturday, ... she was sitting around doing nothing a lot of the time and that it was upsetting the [other] receptionist who was working alongside of her."

McRaven acknowledged employee was an excellent receptionist. He testified he made her "Employee of the Month" for August 1988 because "she had done an outstanding job with making the office very productive and got a lot of appointments in for the month." However, after August, he noticed a change in her work performance. He stated this was a case where "[employee] had done very well up to a certain point and stopped." He was reluctant to fire employee, but had no choice since she refused to discuss her poor job performance with him.

Since employer met his burden of production, the burden shifted back to employee to prove, by a preponderance of the evidence, the proffered reasons were not the true reasons for the employment decision, but rather a pretext. *Comm'n on Human Rights v. City of Sikeston,* 769 S.W.2d 798, 801 (Mo. App.1989). We find employee failed to meet this burden. Employee testified several times at trial she did not feel anyone at the office treated her "unfairly" or "differently" because of her pregnancy. In fact, McRaven congratulated employee upon discovering she was pregnant. The stated legitimate reasons for discharge were not proven pretextual.

We affirm.

AHRENS, P.J., and SIMON, J., concur.